NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**
JUL 1 8 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-199-JMH

MARK BRUCK                                                                 PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, JR., Warden                                          RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Mark Bruck, an individual presently confined at the Federal Medical Center in Lexington, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") is violating his due process rights in (1) wrongly denying him placement in a halfway house near Chicago, where he has family and will be released; and (2) threatening him with retaliation.

ALLEGATIONS OF THE PETITION

The petitioner has submitted a commonly used petition form on which he has submitted his allegations. The following is a summary or construction thereof.

Petitioner Bruck claims that BOP personnel have denied him placement for the final six months of his sentence in a halfway house in or near Chicago. Instead, they are purportedly threatening him with sanctions, including the loss of good time and placement in the "hole," if he does not consent to being placed in a halfway house in Massachusetts. These actions purportedly violate his Fifth Amendment rights under the U.S. Constitution and the BOP's Program Statement 7310.04.

Further, the petitioner alleges, at the time of the instant filing, on May 16, 2005, he had filed a grievance about the matter with a staff member and an appeal to the Warden, but he had not gone further in the BOP administrative system. In the time which would be consumed to do so, the petitioner claims, "the grieved action will have taken its course."

## DISCUSSION

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a district court the authority to dismiss a case at any time if the court makes certain findings, including that the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The Court begins with a pre-condition to filing a petition for writ of habeas corpus, the would-be petitioner's exhaustion of administrative remedies. Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925

2

F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in BOP institutions require that a prisoner present his complaint or grievance to 4 levels of officials, as us set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden, on a BP-9 form. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10 form), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11). *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.* There is even an expedited procedure for any request "determined to be of an emergency nature which threatens the inmate's immediate health or welfare." *Id.*

The instant petitioner does not allege exhaustion of the administrative process prior to filing in federal court. Rather, he states that he began the administrative remedy process and pursued it

3

to an appeal to the warden. He allegedly did not have enough time to reach the levels of the BOP's Regional Director or the national office. The Court is not unsympathetic to a prisoner's time limitations. However, the time periods which would pass in the two last steps of the appeals are not burdensome, nor has the petitioner demonstrated that the appeals would be futile. *See James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

To the extent the petitioner's allegations are construed to include a request that the Court waive the exhaustion requirement, the Court is not inclined to do so. One of the reasons for the exhaustion requirement is to prepare a record for the courts. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The record before this Court today contains only the *pro se* petitioner's scant allegations, and no dates or rationales for what has taken place in the administrative scheme he has pursued thus far. Therefore, although the petitioner is correct that a court may waive the exhaustion requirement, it must be on a record supporting such a ruling, not on the one presented herein. *See Colton v. Ashcroft*, 299 F. Supp.2d 681 (E.D.Ky. 2004) (waiving the exhaustion requirement).

Because the instant petitioner has not exhausted the BOP's administrative remedy process, he has not provided the Court with a record which both sets out the facts and also includes his and the BOP's conflicting positions on relevant issues. Therefore, the Court will not excuse Petitioner Bruck from the exhaustion requirement, but will deny the instant petition without prejudice to his ability to bring the matter in a fresh petition after demonstrating exhaustion or providing evidence of futility.

4

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Mark Bruck's petition for writ of habeas corpus is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 18th day of July, 2005.

JOSEPH M. HOOD, CHIEF JUDGE